IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WAYNE R. PAGE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-220-O |
| | § | |
| MICROSOFT CORPORATION, ET AL. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING
DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF'S AMENDED MOTION FOR
LEAVE TO FILE AMENDED COMPLAINT

Pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint [doc. #

15], filed June 6, 2014 and *pro-se* Plaintiff Wayne R. Page ("Page")'s Amended Motion for

Leave to File Amended Complaint to Add Damages for Copyright Infringement [doc. # 38], filed

August 15, 2014. Having carefully considered the motions, responses, and replies, the pleadings

before the Court, and the applicable law, the Court recommends granting the Defendants' motion

for the reasons stated in the motion and the reply and recommends denying Plaintiff's amended

motion for leave to amend his complaint as futile.[1]

The cogent, straight-forward arguments set forth by Defendants in their motion to dismiss

as to the reasons Plaintiff's pleadings fails to state a claim for copyright infringement and patent

infringement are not adequately refuted by Plaintiff's submissions and arguments. Judicial

economy is not served by reiterating each of Defendants' dismissal arguments herein when such

bases for dismissal are detailed in Defendants' briefing. Simply put, Defendants have shown that

---

[1] The Court notes that a district court generally errs if it dismisses a *pro-se* complaint for failure to state a claim under Rule 12(b)(6) without first giving the plaintiff an opportunity to amend. However, such requirement generally applies only if the plaintiff has not alleged his "best case." *See Dark v. Potter*, 293 F. App'x 254, 256-57 (5th Cir. 2008). "While a precise definition of a plaintiff's 'best case' is elusive, this Court often assumes a plaintiff asserts its best case after the plaintiff is 'apprised of the insufficiency' of the complaint. *Id.* at 257. In this case, *pro-se* Plaintiff Wayne R. Page was notified of the alleged deficiencies in his pleadings by the Defendants' motion to dismiss. Plaintiff subsequently filed the pending motion for leave to amend his complaint. However, the Court recommends denying Plaintiff's motion because it does not address the deficiencies raised by Defendants in their motion to dismiss and the proposed amendment would, therefore, be futile. Consequently, the Court concludes that Page has pled his best case and such pleadings are deficient.

Plaintiff has not adequately alleged facts which, even if accepted as true, would state a claim for copyright infringement or patent infringement against Defendants. Moreover, as Defendants' motion establishes, Plaintiff has failed to properly plead and prove personal jurisdiction facts which would allow this Court to adequately exercise such jurisdiction over individual defendant Bill Gates.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **September 8, 2014** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections

are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 25, 2014.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

3