IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WAYNE R. PAGE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-220-O |
| | § | |
| MICROSOFT CORPORATION and BILL GATES, | § | |
| | § | |
| Defendants. | § | |

ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Plaintiff filed objections. The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which objection was made. Anything not specifically objected to is subject to review for clear error.

I.     BACKGROUND

On March 27, 2013, Plaintiff brought the instant suit against Defendants alleging actions of copyright infringement and patent infringement in violation of "17 USC § 101:102:501" and "35 USC § 271:281-297" respectively. Compl. ¶ 5, ECF No. 1. Plaintiff contends that on May 25, 2005, he sent to Defendants his "proprietary intellectual property titled 'Dedicated Portable Desktop Workstation'" in efforts to work personally with Defendant Gates as part of Defendant Microsoft's "Partnership Program." *Id.* at ¶¶ 2-3(a). In 2007, following this submission, Plaintiff maintains that he later "discovered on August 27, 2005 Microsoft published an article 'Deployment Feature Team

Guide' . . . under an illegal copyright, which contained and used extensively [Plaintiff's] proprietary ideas . . . for deployment of a remote computer office system." *Id*. at 3(d). Plaintiff brings the instant suit for damages caused as a result of Defendants' alleged copyright and trademark infringement.

On June 6, 2014, Defendants filed a motion to dismiss contending that (1) Plaintiff failed to state a claim for either copyright or patent infringement and (2) Plaintiff failed to establish personal jurisdiction against Defendant Gates. Def.'s Mot. Dismiss 1, ECF No. 15. On August 15, 2014, Plaintiff filed an amended motion to amend his complaint. Am. Mot. Am. Compl., ECF No. 38. On August 25, 2014, the Magistrate Judge entered an order recommending that Defendants' motion be granted and Plaintiff's motion be denied. Findings, Conclusions, & Recommendation (FCR), ECF No. 41. Plaintiff filed his objections to the Magistrate Judge's order, and Defendants filed their response. *See* Pl.'s Objections, ECF No. 45; Defs.' Resp. Pl.'s Objections, ECF No. 46. The motions have been fully briefed and are ripe for adjudication.

## II. LEGAL STANDARDS

### A. Personal Jurisdiction

"When a nonresident defendant presents a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985). A plaintiff need only make a prima facie case that personal jurisdiction exists when the court considers a motion to dismiss for lack of jurisdiction without holding an evidentiary hearing. *Abramov v. Otis Elevator Co.*, No. 3:11-cv-440-D, 2011 WL 5081560, at *2 (N.D. Tex. Oct. 25, 2011) (citing *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999)). Although the court must accept all uncontroverted allegations in the Complaint

2

as true, this standard "does not require the court to credit conclusory allegations, even if uncontroverted." *Id.* (quoting *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (per curiam)).

Making the prima facie case that personal jurisdiction extends to a nonresident defendant begins by determining "if (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." *Latshaw*, 167 F.3d at 211 (footnotes omitted). Because "the Texas long-arm statute extends to the limits of federal due process, these two steps conflate," so the Court only considers whether the exercise of jurisdiction would be consistent with the Due Process Clause of the Fourteenth Amendment. *Id.* (footnotes omitted); *see also Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999).

The exercise of personal jurisdiction comports with due process when "first, the defendant has the requisite minimum contacts with the forum state and second, requiring the defendant to submit to jurisdiction in the forum state would not infringe on 'traditional notions of fair play and substantial justice.'" *Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 105 (1987); *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A nonresident defendant has such minimum contacts if he "purposefully availed himself of the benefits and protections of the forum state . . . such that he should reasonably anticipate being haled into court in the forum state." *Latshaw*, 167 F.3d at 211 (footnotes omitted) (internal quotation marks omitted).

These minimum contacts give rise to either general or specific personal jurisdiction. *See Mink*, 190 F.3d at 336. For general jurisdiction, a plaintiff must establish that the defendant's

contacts with the forum state are "so 'continuous and systematic' as to render them essentially at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). Contacts that support general jurisdiction are so substantial that a nonresident "would expect to be sued in the state for any claim, including one not arising from his in-state activities." *Taylor v. Alex. Brown & Sons Inc.*, No. 3:02-cv-0818-P, 2002 WL 31245369, at *5 (N.D. Tex. Oct. 2, 2002) (citing *Shaffer v. Heitner*, 433 U.S. 186, 216 (1977)).

On the other hand, the exercise of specific jurisdiction is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A.*, 131 S. Ct. at 2851 (citations omitted) (internal quotation marks omitted); *see also Helicopertos Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Shaffer*, 433 U.S. at 204) (holding that the "relationship among the defendant, the forum, and the litigation" provides the foundation of specific jurisdiction); *Rolls-Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 786 (N.D. Tex. 2008) ("[C]laim must stem from alleged injuries that arise out of or relate to . . . activities directed at Texas.").

When determining whether the exercise of jurisdiction satisfies traditional notions of fair play and substantial justice, the Court balances "the burden on the defendant having to litigate in the forum; the forum state's interest in the lawsuit; the plaintiff's interests in convenient and effective relief; the judicial system's interest in efficient resolution of controversies; and the state's shared interest in furthering fundamental social policies." *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 215 (5th Cir. 1999) (citations omitted). "It is rare to say the assertion [of personal jurisdiction] is unfair after minimum contacts have been shown." *Id.* (citing *Akro Corp. v. Luker*, 45 F.3d 1541, 1549 (Fed. Cir. 1995)). "[O]nce minimum contacts are established, the interests of the forum and

4

the plaintiff justify even large burdens on the defendant." *Id.* (citing *Asahi Metal Indus. Co.*, 480 U.S. at 115).

### B. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id*.

Allegations of pro se complaints are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A plaintiff's pleadings must be liberally construed, and ambiguity must be viewed in the pro se plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A district court commits error "in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998). However, this error is removed if the plaintiff has alleged his "best case." *Id*. A court can consider a plaintiff to have asserted his best case when the plaintiff has had "fair opportunity to make out [his] case." *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

### III.   ANALYSIS

Defendants filed their motion to dismiss on June 6, 2014. Mot. Dismiss, ECF No. 16. Plaintiff responded to the motion on July 16, 2014. Pl.'s Resp. Mot. Dismiss, ECF No. 22. Further, Plaintiff moved to amend his complaint on July 18, 2014, and August 15, 2014, each time seeking to add damages for his Copyright Infringement claim. *See generally* Pl.'s Mot. Amend Comp., ECF No. 24; Pl.'s Am. Mot. Amend Compl., ECF No. 38. The Magistrate Judge entered his Findings, Conclusions, and Recommendation on August 25, 2014, recommending that the case be dismissed with prejudice for failure to state a claim under Rule 12(b)(6) and for Plaintiff's failure to properly plead and prove personal jurisdiction over Defendant Gates. FCR, ECF No. 41. Plaintiff filed his objection in response. Pl.'s Objections, ECF No. 45. Plaintiff has not sought leave to amend his original complaint to cure any deficiencies described by the Magistrate Judge or Defendants. Plaintiff has been sufficiently "apprised of the insufficiency" of his complaint through Defendants' motion to dismiss and the Magistrate Judge's Findings, Conclusions, and Recommendation. *See*

6

*Dark*, 293 F. App'x at 256-57. Accordingly, Plaintiff has had a fair opportunity to allege his best case, and has in fact done so.

    A.    **Personal Jurisdiction**

In his Complaint, Plaintiff alleges that Defendant Gates is a resident of Washington state. Compl. ¶ 1, ECF No. 1. In support of his argument that this Court has personal jurisdiction over Defendant Gates, Plaintiff maintains the following:

> Although the actual theft and subsequent use of my copyright, patent reserved, intellectual property took place at the Microsoft Corporate Headquarters in Redmond, Washington, I would beg the Court's indulgence in that, as I am filing pro se, *in forma pauperis*, it is obvious that I have at this point in time, extremely limited financial means, whereas Microsoft Corporation being a corporation of enormous wealth and economic power, and Bill Gates being I believe, the world's wealthiest man, and with his control of the Bill and Melinda Gates Foundation easily the wealthiest man in the world, is obviously a man of enormous wealth, could both together defend themselves in this case easily in the United States District Court for the Northern District of Texas, Fort Worth Division. As Microsoft Corporation has had their South Central District Corporate headquarters at 7000 SR-161 (George Bush Turnpike) Irving, TX 75039, in the Dallas-Fort Worth Metroplex, and therefore Bill Gates being a Senior Microsoft Corporation Manager, majority stockholder and Chairman of the Board in 2005, the defendants both have a legal presence within the jurisdiction of the United States District Court for the Northern District of Texas, Fort Worth Division, and could more easily than I, financially represent themselves in . . . court.

Pl.'s Objections 12, ECF No. 45-1; *see also* Compl. ¶ 2, ECF No. 1. Plaintiff's Complaint fails to allege that Defendant Gates had the requisite minimum contacts with the forum state, Texas. First, Plaintiff does not allege that Defendant Gates, in his personal capacity, had continuous and systematic contacts with the forum state. *See Goodyear Dunlop Tires Operations, S.A.*, 131 S. Ct. at 2851. Second, Plaintiff's claim that the "actual theft and subsequent use of [his] copyright, patent reserved, intellectual property took place at the Microsoft Corporate Headquarters in Redmond, Washington," establishes that there is no specific personal jurisdiction. *See Helicopertos Nacionales*

*de Colombia, S.A.*, 466 U.S. at 414; *Rolls-Royce Corp.*, 576 F. Supp. 2d at 786. Accordingly, the Court finds that Plaintiff failed to carry his burden to establish this Court's jurisdiction over Defendant Gates; Plaintiff's objection is overruled. Further, even if this Court did have personal jurisdiction over Defendant Gates, however, Plaintiff's claims against him would still fail for the reasons that follow.

### B.      Failure to State a Claim for Copyright Infringement

The Copyright Act of 1976 provides the following:

> [T]he owner of copyright . . . has the exclusive rights to do and to authorize any of the following: (1) to reproduce the copyrighted work in copies or phonorecords; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly; (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106. To establish a prima facie case of copyright infringement, a plaintiff must establish ownership of copyrighted material and establish that the defendant copied that material. *Norma Ribbon & Trimming, Inc. v. Little*, 51 F.3d 45, 47 (5th Cir. 1995). "A plaintiff establishes 'ownership' by demonstrating that the material is 'copyrightable' and that he complied with the statutory requirements in securing the copyright." *Playboy Enterprises, Inc. v. Webbworld, Inc.*, 968 F. Supp. 1171, 1174 (N.D. Tex. June 27, 1997).

The statute provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been

made." 17 U.S.C. § 411(a). In addition, copyright protection does not extend "to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. § 102.

In his objections, Plaintiff contends that he registered his "2005 Intellectual Property 'Dedicated Portable Desktop Work Station'" on July 30, 2014. Pl.'s Objections 6-7, ECF No. 45. Additionally, in his Complaint and his Response to Defendants' Motion to Dismiss, Plaintiff acknowledges that his alleged copyright covered his "ideas." *See e.g.*, Compl. ¶ 3(d), ECF No. 1; Pl.'s Resp. Defs.' Mot. Dismiss 5, ECF No. 22. "Copyright protection only extends to the *expression* of an idea–not to the underlying idea itself." *Oracle America, Inc. v. Google Inc.*, 750 F.3d 1339, 1354 (Fed. Cir. 2014) (emphasis added). As explained by the Supreme Court in *Baker v. Selden*, the "copyright of a book on book-keeping cannot secure the exclusive right to make, sell, and use account-books prepared upon the plan set forth in such book." 101 U.S. 99, 104 (1879). The thrust of Plaintiff's copyright claim appears to be that Defendants appropriated his *idea* "for deployment of a remote computer office system." Compl. ¶ 3(d), ECF No. 1; Pl.'s Objections 8-9, ECF No. 45 (Defendant "put into practice in all five of their . . . business practices the Plaintiff['s] proprietary Intellectual Property ideas expressed in regard to machine, or hardware I.D., and layered connectivity in regard to networking."). Because *ideas* are not protectable, Plaintiff's claim for copyright infringement fails and this objection is overruled. *See Oracle America, Inc.*, 750 F.3d at 1354.

### C.     Failure to State a Claim for Patent Infringement

The Federal Circuit has noted that although "the act of invention itself vests an inventor with a common law or 'natural' right to make, use and sell his or her invention absent conflicting patent

9

rights in others . . . a patent on that invention . . . in effect enlarges the natural right, adding to it the right to exclude others from making, using or selling the patented invention." *Arachnid, Inc. v. Merit Industries, Inc.*, 939 F.2d 1574, 1578 (Fed. Cir.1991). "The general rule is that one seeking to recover money damages for infringement of a United States patent (an action 'at law') must have held legal title to the patent during the time of infringement." *Id*. at 1579. Here, Plaintiff acknowledges that he did not have a patent but urges the Court to accept the proposition that his "patent reserve" issued on April 6, 2005, is sufficient to show that he held legal title to the patent during the time of the alleged infringement. Pl.'s Objections 7-8, ECF No. 45; Pl.'s Resp. Mot. Dismiss 18, ECF No. 22 ("[T]he Plaintiff, has made clear in his Complaint . . . that there is no clear 'patent' involved in the complaint."). In support of his position, Plaintiff points to Exhibit 10, Attachment 2 of his Complaint. Pl.'s Objections 8, ECF No. 45. However, this document includes a "Notice of Inventors," which states the following:

> It should be clearly understood that a Disclosure Document is not a patent application, nor will its receipt date in any way become the effective filing date of a later filed patent application. A Disclosure Document may be relied upon only as evidence of conception of an invention and a patent application should be diligently filed if patent protection is desired.

Compl. (Ex. 10 Attach. 2), ECF No. 1. The Court finds that Plaintiff has failed to establish that he held legal title to the patent during the time of alleged infringement and, as a result, his patent claim fails. *See Arachnid, Inc.*, 939 F.2d 1578-79. This objection is overruled.

### D. Leave to Amend

Plaintiff additionally seeks leave to amend his Complaint to add damages for his copyright infringement claim. Because this Court has found that his copyright infringement claim fails as a matter of law, and because Plaintiff's proffered amendment fails to address the deficiencies in his

Complaint as described by Defendants and the Magistrate Judge, the Court finds that Plaintiff's amendment would be futile. Accordingly, the motion is denied and Plaintiff's objection is overruled. *See Stripling v. Jordan Production Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile.").

## IV. CONCLUSION

Based on the foregoing, Plaintiff's objections are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge as the findings of the Court. Therefore, Defendants' Motion to Dismiss (ECF No. 15) is hereby **GRANTED** and Plaintiff's claims against Defendant Microsoft are **DISMISSED with prejudice** and Plaintiff's claims against Defendant Gates are **DISMISSED without prejudice**. Further, Plaintiff's Amended Motion for Leave to File Amended Complaint (ECF No. 38) is hereby **DENIED**.

**SO ORDERED** on this **18th day** of **November, 2014.**

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**